ORAL ARGUMENT NOT YET SCHEDULED

APPEAL NO. 23-3225

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,                                    APPELLEE

v.

FEDERICO GUILLERMO KLEIN,                          APPELLANT.

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

APPELLANT FEDERICO GUILLERMO KLEIN'S PRINCIPAL BRIEF

Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Appellant Federico Guillermo Klein*

# CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES

A. **Parties:** The parties in the district court include Federico Guillermo Klein (appellant) and the United States of America (appellee). There are no *amici* in this case.

B. **Disclosure Statement:** No Disclosure Statement under Federal Rule of Appellate Procedure 26.1 or under Circuit Rule 26.1 is necessary.

C. **Rulings Under Review:** The parties are before this Court on appeal from the November 7, 2023 Judgment of Conviction of the District Court issued by the Honorable Trevor N. McFadden, in *United States v. McCaughey, et al.*, No. 1:21-cr-00040-TNM (ECF No. 733). App. at 36-43.

D. **Related Cases:** The appellate proceedings in this matter were consolidated with Steven Cappuccio's appeal of his conviction (D.C. Cir. Case No. 23-3218). Mr. Cappuccio has since withdrawn his appeal. Mr. Klein is one of more than one thousand defendants that have been indicted for their actions at the United States Capitol Grounds on January 6, 2021. At the District Court level, Mr. Klein was one of nine defendants to be tried in case 1:21-cr-00040-TNM.

# TABLE OF CONTENTS

**Certificate of Parties, Rulings, and Related Cases** ...............................2
**Table of Contents** ...............................................................................3
**Table of Authorities** ...........................................................................4
**Jurisdictional Statement** ....................................................................5
**Statement of the Issues Presented** ......................................................5
**Statement of the Case** ........................................................................5
**Summary of the Argument** ................................................................8
**Argument** ..........................................................................................9
   I.    **Mr. Klein's Sentence Must be Vacated Based on its Reliance on a Conviction Pursuant to § 1512(c)** ...........................................9
       *a.  Mr. Klein's § 1512(c)(2) Conviction Must Be Vacated* ...................9
       *b.  The Indictment's Charge of § 1512(c)(2) was Jurisdictionally Defective* ...............................................................................11
       *c.  The Basis Upon Which the District Court Justified an Upward Variance was Improper* ...............................................................12
   II.   **The Government's Failure to Prove the Identity of the Victims Identified in the Indictment Requires Dismissal** ...................................14
       *a.  By Naming Victims in the Indictment, the Government was Required to Identify Them at Trial* ...............................................16
       *b.  The Court Erred in Reopening the Record to Allow the Government to Prove the Identity of the Victims Named in the Indictment* ...........................................................................19
**Conclusion** ......................................................................................21
**Signature of Counsel** .......................................................................22
**Statement Regarding Oral Arguments** ..............................................23
**Certificate of Compliance** ................................................................24
**Certificate of Service** .......................................................................24

# TABLE OF AUTHORITIES

**Cases**

Fischer v. United States, 144 S. Ct. 2176 (2024)...........................................8, 10, 11

Gaither v. United States, 413 F.2d 1061 (D.C. Cir. 1969) ....................................16

Gall v. United States, 552 U.S. 38 (2007)...............................................................13

Hamling v. United States, 418 U.S. 87 (1974) .......................................................17

Jackson v. Virginia, 443 U.S. 307 (1979) ..............................................................16

King v. United States, 550 A.2d 348 (D.C. 1988) ..................................................20

United States v. Brock, 94 F.4th 39 (D.C. Cir. 2024) .................................. 8, 13, 14

United States v. Brown, 808 F.3d 865 (D.C. Cir. 2015) .........................................12

United States v. Brown, 892 F.3d 385 (D.C. Cir. 2018) .................................. 12, 13

United States v. Campbell, 709 F. App'x 815 (7th Cir. 2017)................................17

United States v. Coward, 296 F.3d 176 (3d Cir. 2002)...........................................20

United States v. Fredriksson, 893 F.2d 1404 (D.C. Cir. 1990) ..............................19

United States v. Harrington, No. 23-298 (JEB), 2024 U.S. Dist. LEXIS 124700

   (D.D.C. July 16, 2024) .......................................................................................17

United States v. Hooker, 841 F.2d 1225 (4th Cir. 1988)........................................11

United States v. Iracks, 106 F.4th 61 (D.C. Cir. 2024) ..........................................12

United States v. Jones, 880 F.2d 55 (8th Cir. 1989)...............................................19

United States v. Parks, 995 F.3d 241 (D.C. Cir. 2021) ................................... 12, 13

United States v. Pickett, 353 F.3d 62 (D.C. Cir. 2004) ....................................11, 12

United States v. Saffarinia, 101 F.4th 933 (D.C. Cir. 2024) ..................................16

United States v. Stevens, 105 F.4th 473 (D.C. Cir. 2024)......................................14

United States v. Sunia, 643 F. Supp. 2d 51 (D.D.C. 2009).............................. 12, 17

United States v. Thetford, 676 F.2d 170 (5th Cir. 1982), cert denied 459 U.S. 1148

   (1983)..................................................................................................................19

United States v. Turner, 21 F.4th 862 (D.C. Cir. 2022)..........................................12

United States v. Verrusio, 762 F.3d 1 (D.C. Cir. 2014)............................................9

United States v. Wahl, 290 F.3d 370 (D.C. Cir. 2002)...........................................16

United States v. Walker, 772 F.2d 1172 (5th Cir. 1985) .................................. 19, 20

**Statutes**

18 U.S.C. 3553 .......................................................................................................14

## JURISDICTIONAL STATEMENT

The District Court for the District of Columbia had original jurisdiction over this matter under 18 U.S.C. § 3231. A timely appeal was filed, and the Court of Appeals for the District of Columbia Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## STATEMENT OF THE ISSUES PRESENTED

1. **Should Federico Guillermo Klein's Conviction under 18 U.S.C. § 1512(c)(2) Be Vacated?**

2. **Did the District Court Err in Departing Upward from the Sentence Recommended by Informally Applying an Enhancement Applicable Only to § 1512(c)(2)?**

3. **Did the District Court Err in Permitting the Government to Reopen its Case-in-Chief to Introduce Additional Evidence When it Failed to Prove Facts Alleged in the Operative Indictment?**

## STATEMENT OF THE CASE

This case, like many others that will now come before this Court, was based entirely on the premise that one's commission of an offense at the Capitol Building on January 6, 2021, was in furtherance of an effort to obstruct the certification of the electoral college vote that was taking place that day. From the language in the operative indictment, to the government's summation at closing, to the district

court's findings of facts in reaching a verdict, to the presentence investigation report of the Probation Officer, to the applicable sentencing guidelines adopted by the district court, this prosecution has predominantly focused on the application of 18 U.S.C. § 1512(c)(2) to the nine (9) defendants charged in this action. Now, however, the Supreme Court has definitively invalidated the applicability of § 1512(c)(2) to the conduct alleged in this case.

Appellant Federico Klein was indicted for Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting in violation of 18 U.S.C. § 111(a)(1), (2) (Counts Nine, Seventeen, Nineteen, Twenty-Seven, Thirty-One, Thirty-Two), as well as its enhancement in violation of subsection (b) (Counts Thirty-One and Thirty-Two); Obstructing of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) (Count Thirty-Four); Civil Disorder in violation of 18 U.S.C. § 231(a)(3) (Count Thirty-Five); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 1752(a)(2), (b)(1)(A) (Count Forty-Three); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 1754(a)(4), (b)(1)(A) (Count Fifty-One); Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Fifty-Two); and Act of Physical Violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Fifty-Three). Mr. Klein

waived his right to a trial by jury, and after a five-day bench trial before Judge Trevor N. McFadden, Mr. Klein was acquitted of the § 111(b) charges, but otherwise convicted of all counts.

At sentencing, the district court calculated a total offense level of twenty-four (24), reaching a Sentencing Guidelines range of fifty-one (51) to sixty-three (63) months for Mr. Klein's sentence. *See* App. at 220. Although the government sought eleven (11) points of enhancement pursuant to U.S.S.G. § 2J2.1(b)(2), the district court explicitly rejected the applicability of these enhancements to cases involving the obstruction of a Congressional proceedings. *See* App. at 257-258 ("The Court: As I've written in the *Seefried* case, I don't think that the January 6th certification technically qualifies as administration of justice[.]"). Nevertheless, in handing down its sentence, the district court departed upward from the range recommended by the Sentencing Guidelines, "based on the concerns mentioned in the obstruction of an official proceeding enhancements and particularly the threatening of physical injury to the officers and the substantial interference [Mr. Klein was] involved in." App. at 257. Relevant here, based on the upward variance, Mr. Klein was sentenced to seventy (70) months of incarceration, followed by twenty-four (24) months of supervised release. App. at 36-43.

## SUMMARY OF THE ARGUMENT

Appellant Federico Guillermo Klein was convicted, *inter alia*, under 18 U.S.C. § 1512(c)(2), for conduct at the United States Capitol on January 6, 2021. Mr. Klein's conviction under 18 U.S.C. § 1512(c)(2) (Count Thirty-Four) was the basis for the application of a higher base offense level as well as for an upward variance from the sentencing guidelines. Mr. Klein, however, was convicted and sentenced before the Supreme Court's substantially narrowed the conduct to which § 1512(c)(2) is applicable in *Fischer v. United States*, 144 S. Ct. 2176 (2024), and before the D.C. Circuit definitively ruled out the applicability of U.S.S.G. § 2J2.1(b)(2) to sentences pursuant to § 1512(c)(2) convictions in *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). Because Mr. Klein's conviction pursuant to § 1512(c)(2) (Count Thirty-Four) cannot stand and the basis of the upward variance he received was improper, his sentence must be vacated, and Mr. Klein must properly be resentenced.

In addition, here the grand jury returned an indictment specifically naming victims in two of the assault counts, Counts Seventeen and Nineteen, alleging violations of 18 U.S.C. § 111(a)(1). At the conclusion of its case-in-chief, however, the government failed to identify those officers. Accordingly, defense counsel sought a directed verdict as to those counts. Instead, the district court permitted the government to reopen its case-in-chief and present evidence of the identity of those

officers.  To do so was error and Mr. Klein's convictions for Counts Seventeen and Nineteen must be vacated and his sentence adjusted accordingly.

## ARGUMENT

Because Mr. Klein's convictions under 18 U.S.C. § 1512(c)(2) (Count Thirty-Four), and 18 U.S.C. § 111(a) (Counts Seventeen and Nineteen) must be vacated, and because Mr. Klein's sentence is improperly based on these convictions as well as enhancements related to these convictions his sentence must be vacated and this case remanded to the district court for resentencing.

### I. Mr. Klein's Sentence Must be Vacated Based on its Reliance on a Conviction Pursuant to § 1512(c)(2).

Mr. Klein's sentence must be vacated insofar as it relies on an improper conviction pursuant to 18 U.S.C. § 1512(c)(2) as well as an improper upward departure from the recommended sentencing guidelines based on the district court's discretionary application of an enhancement not technically applicable to this § 1512(c)(2) conviction, but that should not even have been considered in the absence of any § 1512(c)(2) conviction.

*a. Mr. Klein's § 1512(c)(2) Conviction Must Be Vacated.*

This Court reviews the district court's interpretation of questions of law, such as the applicability of 18 U.S.C. § 1512(c) to the conduct at issue, *de novo*. *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014).  Here, the district court convicted Mr. Klein on one count of § 1512(c)(2) for actions taken on

January 6, 2021. App. at 37. However, this conviction came before the Supreme Court significantly narrowed the applicability of § 1512(c)(2) in *Fischer v. United States*, 144 S. Ct. 2176 (2024).

In *Fischer*, the Supreme Court held that, "[t]o prove a violation of [18 U.S.C. §] 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." *Fischer*, 144 S. Ct. at 2190. The evidence adduced at trial included no such specific proof for Mr. Klein, and the district court convicted him based on its finding that Mr. Klein engaged in conduct that, "had the probable and natural effect of obstructing and impeding the certification of the electoral[,]" App. at 153, and further finding that Mr. Klein, "intended to obstruct and impede the certification[.]" App. at 154. Such an interpretation of 1512(c)(2) can no longer serve to support a conviction after the Supreme Court's holding in *Fischer* and Mr. Klein's conviction under Count Thirty-Four (§ 1512(c)(2)) must be vacated and Mr. Klein resentenced accordingly.[1]

---

[1] The vacatur of Mr. Klein's conviction under § 1512(c)(2) is also significant to his sentence insofar as the only felony the district court relied upon in concluding that his base offense level was fourteen (14) was that conviction. *See* App. at 216-218 ("The Court: I do find that obstruction of an official proceeding is exactly the kind of second different crime that Judge Jackson agreed could satisfy 2A2.2(d). I therefore agree with the Government and Probation on this point and will follow the aggravated assault guideline here.").

### b. The Indictment's Charge of § 1512(c)(2) was Jurisdictionally Defective.

Moreover, regardless of the evidence adduced at trial, the operative indictment as against Mr. Klein fails to sufficiently plead the necessary elements of an offense pursuant to § 1512(c)(2). The operative indictment alleges: "[o]n or about January 6, 2021, within the District of Columbia and elsewhere . . . Federico Guillermo Klein. . . attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." App. at 61. However, following *Fischer*, any charge under § 1512(c)(2) must now specifically allege an, "intent to impair the availability or use," of "documents or other things." The failure to so allege renders the indictment jurisdictionally defective and requires the dismissal of Count Thirty-Four (§ 1512(c)(2)) as to Mr. Klein. *See United States v. Pickett*, 353 F.3d 62, 68 (D.C. Cir. 2004) (holding that where an indictment fails to allege all the elements of an offence, a motion to dismiss, "was well taken"). *See also United States v. Hooker*, 841 F.2d 1225, 1232 (4th Cir. 1988) ("The absence of prejudice to the defendant in a traditional sense does not cure a substantive, jurisdictional defect in an indictment. . . . [T]he defect of a completely missing essential element cannot be cured by a later jury instruction because there is nothing for a petit jury to ratify. . . . A petit jury verdict can do no more than show

that the grand jury *could* have given the defendant adequate notice had it chosen to do so. This cannot undo the harm of failing to give that notice timely, nor can it confer jurisdiction on the court where none existed."); *United States v. Sunia*, 643 F. Supp. 2d 51, 78 (D.D.C. 2009) (where an indictment, "omits language essential to the definition of the offense which it purports to charge," the Grand Jury Clause requires dismissal of the indictment (quoting *Pickett*, 353 F.3d at 67)).

    *c. The Basis Upon Which the District Court Justified an Upward Variance was Improper.*

    This Court reviews a district court's interpretation of the Sentencing Guidelines *de novo*. *See, e.g., United States v. Turner*, 21 F.4th 862, 865 (D.C. Cir. 2022). In order to justify an upward variance, the District Court "has to find that the defendant's conduct was more harmful or egregious than the typical case represent by the relevant Sentencing Guidelines range and explain why the otherwise applicable Guidelines calculation does not fully account for the described criminal conduct." *United States v. Iracks*, 106 F.4th 61, 67-68 (D.C. Cir. 2024) (internal quotation marks omitted) (quoting *United States v. Brown*, 892 F.3d 385, 404-05 (D.C. Cir. 2018); *United States v. Brown*, 808 F.3d 865, 867, 872 (D.C. Cir. 2015)). This Court has held that it is a, "well-established requirement that a district court justify, on the record, its decision to impose an upward variance from the Sentencing Guidelines." *United States v. Parks*, 995 F.3d 241, 248 (D.C. Cir. 2021) (citing *Brown*, 892 F.3d at 404 (D.C. Cir. 2018) ("Thrice before, this court has held

that an inadequately explained and insufficiently particularized upward variance constitutes plain error.")). "Where. . . a district court varies upward from the Guidelines, the court cannot satisfy [its] requirement with generic recitations of the sentencing factors and must provide an explanation sufficiently compelling to support the degree of variance." *Parks*, 995 F.3d at 248 (internal quotation marks omitted) (quoting *Brown*, 892 F.3d at 405 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007))).

The district court varied upwards significantly in sentencing Mr. Klein, providing as the only justification for such variance: "the concerns mentioned in the obstruction of an official proceeding enhancements [U.S.S.G. § 2J2.1(b)(2)] and particularly the threatening of physical injury to the officers and the substantial interference that [Mr. Klein was] involved in." App. at 257. The district court specifically noted that even though the administration of justice enhancement to the obstruction count could not apply in his view, "the concerns animating those enhancements are certainly met here in this case." App. at 258. Since sentencing, however, a panel of this Court explicitly held § 2J2.1(b)(2) inapplicable to § 1512(c)(2) convictions arising from the events at the Capitol on January 6, 2021 in *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). Specifically, the *Brock* panel concluded that, "[b]ecause Section 2J1.2's text, commentary, and context establish that the 'administration of justice' does not extend to Congress's counting and

certification of electoral college votes, the district court erred in applying Section 2J1.2(b)(2)'s three-level sentencing enhancement to Brock's Section 1512(c)(2) conviction." *Brock*, 94 F.4th at 59.

Because the district court never should have considered enhancements applicable to convictions under § 1512(c)(2) and because Mr. Klein's conviction under that statute must be vacated,[2] departing upwards from the Sentencing Guidelines range based upon an enhancement to that crime is improper.[3]

## II. The Government's Failure to Prove the Identity of the Victims Identified in the Indictment Requires Dismissal.

When the grand jury returned the operative, Fifth Superseding Indictment against Mr. Klein, it identified U.S. Capitol Police Officers A.G. and C.W., as the

---

[2] A panel of this Court has also concluded the remaining felonies for which Mr. Klein was convicted do not give rise to the applicability of § 2J1.2(b)(2). *See United States v. Stevens*, 105 F.4th 473, 477 (D.C. Cir. 2024) ("[T]he Statutory Index lists guideline Section 2A2.2 and Section 2A2.4 as applicable to Section 111 convictions. U.S.S.G app. A, at 558."). *See also id.*, at 477 n.6 ("18 U.S.C. § 231 is not listed in the Statutory Index but the most analogous guideline is Section 2A2.4. *See* U.S.S.G. § 2X5.1 ('If the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline.')").

[3] Presumably, any resentencing would necessarily result in a reduced sentence for Mr. Klein given the need for the district court to consider, *inter alia*, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). At sentencing, the district court observed, "I think Tristan Stevens is probably the closest comparator, although, unlike you, he was not convicted of obstruction of justice," App. at 257. (emphasis added), and Mr. Stevens was sentenced only to sixty (60) months of incarceration.

alleged victims in Counts Seventeen and Nineteen, respectively. App. at 53-55.

During its case-in-chief, however, the government chose not to call either officer and

neglected to introduce any evidence to prove their identification–despite having

submitted hundreds of exhibits and hours of video testimony introduced at trial. *See*

App. at 83 (The government: "So Count 19 is Officer [C.W.] whose body-worn

camera was introduced. He was not called as a witness. . .. And as to [Officer A.G.],

I believe Special Agent Fulp identified him; but if he hasn't, then he needs to."). In

response, Mr. Klein orally moved the court pursuant to Rule 29 of the Federal Rules

of Criminal Procedure to enter judgments of acquittal with respect to Counts

Seventeen and Nineteen. App. at 85. The district court then ordered overnight

briefing by the parties on the issue, App. at 97; and advised that upon consideration

of that briefing that it would, *sua sponte*, reopen the government's case to permit

evidence with respect to proving the identities of Officers A.G. and C.W. for Counts

Seventeen and Nineteen. App. at 83, 88.

The district court permitted the government to reopen its case-in-chief to

present additional testimony with respect to the identities of Officers A.G. and C.W.

as the alleged victims in Counts Seventeen and Nineteen, respectively, which it

ultimately admitted into evidence. App. at 96-101. Ultimately, and with of the

additional evidence presented by the government regarding the identities of Officers

A.G. and C.W., the district court convicted Mr. Klein of 18 U.S.C. § 111(a)(1) in Counts Seventeen and Nineteen.

Accordingly, in considering a defendant's challenge to the sufficiency of the evidence, and in light or Mr. Klein's oral motion pursuant to Rule 29, this Court should "review the evidence of record *de novo*, considering that evidence in the light most favorable to the government, and affirm a guilty verdict where '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Wahl,* 290 F.3d 370, 375 (D.C. Cir. 2002) (emphasis in the original) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

   a. *Because the Grand Jury Named Victims in the Indictment, the Government was Required to Identify them at Trial.*

Differences in the language of an indictment and the evidence introduced at trial exist in two contexts: as an amendment or as a variance.

> An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*United States v. Saffarinia*, 101 F.4th 933, 941 (D.C. Cir. 2024) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)). "[A] variance will prove fatal only if it prejudiced the defendant, such as by depriving him of fair notice of the

charges against him or by creating the risk of double jeopardy." *United States v. Campbell*, 709 F. App'x 815, 824 (7th Cir. 2017) (citations omitted).

"An indictment 'is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Harrington*, No. 23-298 (JEB), 2024 U.S. Dist. LEXIS 124700, at *2-3 (D.D.C. July 16, 2024) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Beyond the essential elements of an offense, the grand jury may, in its prerogative, make a "charge on its *own judgment*" the provenance of which is "substantial right which *cannot be taken away*." *Sunia*, 643 F. Supp. 2d at 77 (emphasis added). Concurrently, it is equally imperative to adhere to the language of the indictment because, "the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *Harrington*, No. 23-298 (JEB), 2024 U.S. Dist. LEXIS 124700, at *2-3.

Here, the district court determined that the specific identities of Officers A.G. and C.W. as alleged in Counts Seventeen and Nineteen were not an essential element of the § 111(a)(1) charges and thus the government had no obligation to prove up those identities. It did so despite the grand jury having returned a superseding indictment against Mr. Klein identifying those officers and ultimately permitting the

government to reopen its case-in-chief *for the sole purpose of proving those identities*. Nevertheless, the district court took the identifications seriously, noting, after the government was permitted to reopen its case-in-chief, that: "[h]aving listened carefully to Agent Fulp's testimony, I am not convinced he did his own analysis to identify which officer was [A.G.][,]" App. at 116, additionally observing that, "[i]t is still difficult to tell whether the defendant assaulted, resisted, or impeded Officer [C.W.] during that time frame; Officer [C.W.] specifically." App. at 126.

Ultimately, having ruled that the identification of an officer/victim was not an essential element of the § 111(a)(1) charges, the district court determined that the difference between the evidence the government introduced at trial and the allegations in the operative indictment constituted a variance, rather than an amendment, and that Mr. Klein was not prejudiced by the same. *See* App. at 118-120. However, concluding that Mr. Klein suffered no prejudice from this variance defies credulity. One of the unique circumstances of the events of January 6 was the number of individuals, including law enforcement officers, present at the Capitol that day. Identifying the officers whom Mr. Klein was alleged to have assaulted narrowed the universe of individuals with which his defense needed to familiarize itself. Indeed, it is impossible to know whether the grand jury would have returned an indictment against Mr. Klein that did *not* name the specific officer/victims he was alleged to have assaulted. The government's failure to identify these officers in its

case-in-chief necessitates a judgment of acquittal as to Counts Seventeen and Nineteen, otherwise the grand jury's provenance in deciding whether to identify them at all is vitiated.

> b. *The Court Erred in Reopening the Record to Allow the Government to Prove the Identity of the Victims Named in the Indictment.*

"Once the evidence has been closed, whether to reopen for submission of additional testimony is a matter left to the trial court's discretion." *United States v. Fredriksson*, 893 F.2d 1404 (D.C. Cir. 1990) (quoting *United States v. Jones*, 880 F.2d 55, 59 (8th Cir. 1989)). In *Fredricksson*, the Circuit affirmed the District Court's refusal to reopen the record to allow the defendant to testify. In so doing, it cited the factors laid out by the Fifth Circuit in *United States v. Walker*, 772 F.2d 1172, 1177 (5th Cir. 1985). Those factors include: "the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion." *Id.* (quoting *United States v. Thetford*, 676 F.2d 170, 182 (5th Cir. 1982), cert denied 459 U.S. 1148 (1983)). In *Jones*, the Eighth Circuit emphasized the import of fairness in reopening the record, "[u]nquestionably, the need for order and fairness in criminal trials is sufficient to justify firm, though not always inflexible, rules limiting the right to testify; and, of course, numerous rules of undoubted constitutionality do circumscribe the right." *Jones*, 880 F.2d at 59 (emphasis added). And again, in *Jones*, the Circuit was affirming the trial court's refusal to reopen the record for the defendant to testify.

Here, the government's negligence in failing to offer evidence sufficient to identify the officers named in the operative indictment does not warrant reopening of the record, especially given the facts and circumstances giving rise to the issue in this case. *See King v. United States*, 550 A.2d 348 (D.C. 1988) (citing *Walker*, 772 F.2d at 1177-82). Moreover, in explaining its decision to permit the government to reopen its case, the district court, citing *United States v. Coward*, considered whether Mr. Klein would be prejudiced if the government were permitted to reopen its case before the defense began its own presentation of the evidence. App. at 99-100; *see also United States v. Coward*, 296 F.3d 176, 181 (3d Cir. 2002) ("[W]hen faced with a motion to reopen, the district court's primary focus should be on whether the party opposing reopening would be prejudiced if reopening is permitted." (citations omitted)). While the Third Circuit in *Coward* ultimately held that a defendant is unlikely to be prejudiced where a trial court is permitted to reopen its case before the defense begins its own presentation of evidence, the circumstances of Mr. Klein's trial are readily distinguishable. *See Coward*, 296 F.3d at 181. Here, the government reopened its case to introduce evidence specific to Counts Seventeen and Nineteen, and Mr. Klein was convicted of both Counts Seventeen and Nineteen. It follows, then, that Mr. Klein suffered the greatest possible prejudice as a result of the district court's decision to reopen the record: *he*

*was convicted.* Accordingly, the district court erred in permitting the government to reopen its case.

In summary, the district court erred in denying Mr. Klein's motion for a judgment of acquittal as to Counts Seventeen and Nineteen. The government's failure to prove the identity of the individual officer-victims the grand jury specifically identified in its indictment required the entry of a judgment of acquittal as to those counts. Accordingly, Mr. Klein's convictions under 18 U.S.C. § 111(a)(1) Counts Seventeen and Nineteen must be vacated, necessitating resentencing on the remaining convictions.

## CONCLUSION

For the reasons contained herein, Mr. Klein respectfully requests that this Court vacate his sentence and the case be remanded for resentencing. Specifically, this Court should vacate Count Thirty-Four pursuant to 18 U.S.C. 1512(c)(2), as well as Counts Seventeen and Nineteen pursuant to 18 U.S.C. § 111(a), which necessitate resentencing.

[SIGNATURE NEXT PAGE]

Dated: August 30, 2024          Respectfully Submitted,

          /s/ Stanley E Woodward, Jr.
          Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
          Brand Woodward Law, LP
          400 Fifth Street, Northwest, Suite 350
          Washington, DC 20001
          202-996-7447 (telephone)
          202-996-0113 (facsimile)
          stanley@brandwoodwardlaw.com

          *Counsel for Appellant Federico Guillermo Klein*

## STATEMENT REGARDING ORAL ARGUMENTS

Mr. Klein, through counsel, respectfully contends that oral arguments are necessary in this matter. This appeal involves numerous novel and important questions relating to both the effect of the Supreme Court's ruling in *Fischer v. United States* on Defendants' convictions under 18 U.S.C. 1512(c)(2), and relating to the discrete issues specific to Mr. Klein's sentencing. As such, Mr. Klein respectfully requests that this Court convene oral arguments in this matter.

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g) and Fed. R. App. P. 32(a)(7)(B), that the foregoing brief complies with the page and type-volume limitation because it contains 4,395 words, and thus not more than 13,000 words, excluding those exempted by Fed. R. App. P. 32(f) and D.C. Cir. Rule 32(e)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

*/s/*
Stanley E. Woodward, Jr.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that on August 30, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

*/s/*
Stanley E. Woodward, Jr.